By the Court.

In all bodies corporate the majority must rule, and there is no doubt that two. of the three administrators of this school had a right to sue in the name of the board. The only difficulty, if such it can be called, is that instead ' of bringing their action in the corporate name of the board of administrators, they have added their *496 o\yn individual names. But, this defect in the / . . ' appellation of the suitors is .a mere surplusage, and as such mustbe disregarded. ⅝
jH£ other objection of the defendant is still more unimportant. He thought fit to sign the note nowin suit as Parish Judge; but whether he was Parish Judge or not, at the time he received, the money, is a matter of no consequence. This was money lent him to answer his purposes: money which he applied to the discharge of his obligations, and .which he promised to return. W hat has his official capacity to do with such a transaction ?
Various other difficulties, not worthy of notice, have been raised by the appellant, which, together with those above adverted to, have led this Court to suspect that the object of the appellant, ever since the beginning of this suit, has been delay.
In a case of this nature, where the deposit of public funds, destined for the most useful of purposes, has been unwarrantably detained ; where the obligation to return them at sight has been eluded during such a length of time, it is just that we should allow to the plaintiffs not only the interest of the money, since the judicial demand, but also the full atnount of the damages ■ which the law permits to give.
*497 ■" It is, therefore, adjudged and decreed that the judgment of the District Court be co/ifirmed, and that in addition to the twelve hundred and' fifty dollars therein awarded to the appellees, they do recover five per cent, interest from the day of the j udicial demand, and ten per cent, damages, with costs.